IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-02-5326 REC |
| | ) | |
| | ) | ORDER DIRECTING FEDERAL |
| | ) | DEFENDER TO APPOINT COUNSEL |
| Plaintiff, | ) | TO REPRESENT DEFENDANT AND |
| | ) | DIRECTING COUNSEL FOR |
| vs. | ) | DEFENDANT TO APPEAR ON |
| | ) | MONDAY, FEBRUARY 6, 2006 AT |
| | ) | 9:00 A.M. IN COURTROOM ONE |
| MIGUEL FLORES-CERNAS, | ) | FOR STATUS CONFERENCE RE |
| | ) | NINTH CIRCUIT REMAND |
| | ) | PURSUANT TO UNITED STATES v. |
| Defendant. | ) | AMELINE |
| | ) | |
| | ) | |

    The Ninth Circuit has affirmed defendant's conviction but has remanded defendant's sentence to proceed pursuant to United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005).

    If defendant has not retained counsel to represent him, the Federal Defender is ordered to appoint counsel for further proceedings pursuant to the remand.

    The initial inquiry pursuant to the remand is whether the sentence imposed would have been materially different had the

1

district court known that the Guidelines were advisory, the court concludes that defendant's presence is not necessary for this determination.  Rule 43(b)(3), Federal Rules of Criminal Procedure, provides that a defendant's presence is not required if "[t]he proceeding involves only a conference or hearing on a question of law."  A number of cases hold that hold that a defendant's presence is not required for this initial determination.  See United States v. Crosby, 397 F.3d 103, 120 (2nd Cir. 2005); United States v. Paladino, 401 F.3d 471, 484 (7th Cir. 2005); United States v. Coles, 403 F.3d 764, 770 (D.C.Cir. 2005); United States v. Lugo, 361 F.Supp.2d 91 (E.D.N.Y. 2005).[1]

Counsel for the parties are ordered to appear on Monday, February 6, 2006 at 9:00 a.m. in Courtroom One, Eight Floor, 2500 Tulare Street, Fresno, California for further status proceedings regarding the initial inquiry required by United States v. Ameline.

IT IS SO ORDERED.

**Dated:  January 10, 2006**                    /s/ Robert E. Coyle
668554                                          UNITED STATES DISTRICT JUDGE

---

[1] The court recognizes that the Ninth Circuit holds that the defendant's presence is necessary during an Ameline remand when the district court judge who imposed the sentence is no longer available.  See United States v. Sanders, 421 F.3d 1044, 1052 (9th Cir. 2005).

2