IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-02-5326 REC |
| | ) | |
| | ) | ORDER DECLINING TO ORDER |
| | ) | DEFENDANT'S PRESENCE FOR |
| Plaintiff, | ) | INITIAL <u>AMELINE</u> INQUIRY, |
| | ) | DIRECTING DEFENDANT TO FILE |
| vs. | ) | BRIEF BY MARCH 6, 2005 AND |
| | ) | SETTING THE INITIAL <u>AMELINE</u> |
| | ) | INQUIRY FOR MONDAY, MARCH |
| MIGUEL FLORES-CERNAS, | ) | 13, 2006 AT 9:00 A.M. |
| | ) | |
| Defendant. | ) | |
| | ) | |

Miguel Flores-Cernas pleaded guilty to being a deported alien found in the United States in violation of 8 U.S.C. § 1326(b). Defendant was sentenced to 73 months in custody, which sentence is consecutive to any other sentence he is serving, and 36 months of supervised release. Defendant appealed to the Ninth Circuit. Defendant's conviction was affirmed. However, the Ninth Circuit held that, "[b]ecause appellant was sentenced under the then-mandatory Sentencing Guidelines, and we cannot determine from the record whether the sentence imposed would have been

1

materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir. 2005) ...."

Following issuance of the mandate, the court ordered the Federal Defender to appoint counsel to represent defendant. The court also ordered:

> The initial inquiry pursuant to the remand is whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, the court concludes that defendant's presence is not necessary for this determination. Rule 43(b)(3), Federal Rules of Criminal Procedure, provides that a defendant's presence is not required if "[t]he proceeding involves only a conference or hearing on a question of law." A number of cases hold that hold that a defendant's presence is not required for this initial determination. See United States v. Crosby, 397 F.3d 103, 120 (2nd Cir. 2005); United States v. Paladino, 401 F.3d 471, 484 (7th Cir. 2005); United States v. Coles, 403 F.3d 764, 770 (D.C.Cir. 2005); United States v. Lugo, 361 F.Supp.2d 91 (E.D.N.Y. 2005).

At the hearing on February 13, 2006, counsel for defendant objected to the court's ruling that defendant's presence was not necessary to resolve the Ameline inquiry. Counsel contended that the defendant's presence is necessary for three reasons. First, it was asserted that counsel did not cause the preparation of a "full probation report" for the initial sentencing because of the type of case in which pleaded guilty and because of the Sentencing Guidelines. Second, counsel argued, a defendant whose sentence has been vacated and remanded for resentencing is

2

entitled to be present and to submit whatever evidence and arguments are relevant to resentencing.  Third, counsel noted that defendant is presently incarcerated in Ohio, making it difficult for counsel to consult with defendant to develop information that may be relevant to a resentencing.

In ruling that defendant need not be present for the initial Ameline determination, the court relied on those cases holding that "[i]n making that initial determination, the District Court should obtain the views of counsel, at least in writing, but 'need not' require the presence of the Defendant, see Fed.R.Crim.P. 43(b)(3)." United States v. Crosby, supra.

The Ninth Circuit in Ameline did not expressly address the issue of the defendant's presence at the initial Ameline inquiry. However, Ameline expressly followed the approach adopted by the Second, Seventh and D.C. Circuits in formulating the Ameline remand.  As noted, all of these courts have ruled that the defendant's presence need not be required at the initial inquiry whether the court would have imposed a materially different sentence if the court had known the Guidelines were advisory. And Ameline states that "[i]f the district court would have imposed a different sentence in an advisory regime ...[,t]he original sentence will be vacated and the district court, with the defendant present, will resentence in accordance with the Reform Act as modified by *Booker*." Ameline, 409 F.3d at 1081. Therefore, the Ninth Circuit in Ameline impliedly approved of the process in which a defendant's presence is not required for the

3

initial determination of whether the court would have imposed a materially different sentence had the court known that the Sentencing Guidelines were advisory.

Furthermore, in deciding whether the court would have imposed a materially different sentence had the court known that the Sentencing Guidelines were advisory, the court will rely on the existing record introduced at defendant's sentencing as well as the written or oral comments of counsel.  The court will not receive evidence, objections to the PSR or arguments not previously raised at sentencing.  With regard to defense counsel's contention that she did not cause a "full Probation Report" to be prepared at defendant's sentencing and, therefore, should be allowed to do so before the court makes the initial _Ameline_ determination, the court concludes that the limited _Ameline_ remand is not intended to give a defendant or defendant's counsel an opportunity to present objections, arguments or evidence that could have been but were not presented at initial sentencing unless the court vacates the sentence after determining that a materially different sentence would have been imposed had the court known that the Sentencing Guidelines were advisory.

Finally, defense counsel's contention that the difficulty communicating with her client requires that he be brought from his place of incarceration for the limited remand does not compel a different conclusion.  It was apparent at the hearing that defense counsel's concerns about lack of communication related to

1  the development of new information concerning defendant's
2  sentence.  As stated, that information becomes relevant if the
3  court concludes that it would have imposed a materially different
4  sentence had it known that the Sentencing Guidelines were
5  advisory.  If the court makes that determination, defendant's
6  sentence will be vacated and defendant will be ordered brought to
7  court for re-sentencing with appropriate time permitted for
8  transportation, consultation with counsel and the filing of
9  sentencing briefs.
10      On January 27, 2005, the United States filed a brief setting
11 forth its arguments that the court would not have imposed a
12 materially different sentence had the court known that the
13 Sentencing Guidelines were advisory.  The court hereby continues
14 the initial <u>Ameline</u> inquiry to Monday, March 13, 2006 at 9:00
15 a.m.  Defendant's brief addressing the initial <u>Ameline</u> inquiry
16 shall be filed on or before March 6, 2006.
17 IT IS SO ORDERED.
18 **Dated:  February 15, 2006**          /s/ Robert E. Coyle
   668554                         UNITED STATES DISTRICT JUDGE

5